# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANIA SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-125-D |
| | ) |
| ROTTINGHAUS COMPANY, INC, | ) |
| d/b/a SUBWAY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Compel and Request for Payment of Attorney's Fees and Expenses [Doc. No. 20]. No response has been filed and the matter is deemed at issue.[1]

Plaintiff filed the present action alleging she was harassed and subjected to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e *et seq*. The action was removed to this Court, and during the course of litigation, Defendant served Plaintiff with its first set of Interrogatories and Request for Production of Documents. Defendant also requested that Plaintiff execute an authorization for release of certain health information. Plaintiff's counsel requested two extensions of time to obtain the

---

[1] Because Plaintiff has filed no response within the period prescribed by LCvR7.1(g), the Court deems the allegations in Defendant's motion confessed. *See id*. ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed.").

discovery, but withdrew from representation before providing any responses. In its order permitting Plaintiff's counsel to withdraw, the Court directed Plaintiff to, within thirty days, either retain new counsel or file a pro se entry of appearance. *See* Order, Aug. 5, 2016 [Doc. No. 19]. To date, Plaintiff has neither retained new counsel nor entered an appearance pro se.

Defendant contends that the aforementioned discovery is necessary to enable it to defend against Plaintiff's claims. Accordingly, Defendant requests an order from the Court (1) compelling Plaintiff to respond to the outstanding discovery requests and execute the aforementioned release; (2) requiring Plaintiff to pay Defendant's reasonable attorney's fees and expenses incurred in seeking the requested relief; and (3) extending Defendant's deadline to respond to Plaintiff's First Set of Interrogatories, Request for Production and Requests for Admission until twenty one days after Plaintiff responds to Defendant's discovery requests.

Upon review of the record, the Court finds Plaintiff has failed to respond to Defendant's first set of Interrogatories and Request for Production. The Court therefore grants Defendant's Motion to Compel. Within **twenty one (21) days** of the date of this Order, Plaintiff shall serve written answers and responses to Defendant's counsel that are complete, responsive, and unevasive. Plaintiff is also directed to, within **twenty one (21) days** of the date of this Order, execute the

2

aforementioned Authorization for Release of Protected Health Information and submit it to Defendant's counsel.

With respect to Defendant's request for payment of its reasonable attorney's fees and expenses, Federal Rule of Civil Procedure 37(a)(5) governs the award of fees and expenses in connection with motions to compel. It allows a court to award a reasonable amount of fees and expenses where a motion is granted. Under that provision, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court has granted Defendant's motion; thus, an award of fees and expenses pursuant to Rule 37(a)(5) is appropriate. Before the Court may make such an award, however, Plaintiff must be afforded the opportunity to be heard. An actual hearing is not necessary, and the Court may consider the issue of fees and expenses "on written submissions." *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 622 (D. Kan. 2005); *see also* Fed. R. Civ. P. 37, advisory committee's note to 1993 amendment. "The 'written submission' requirement is met where the moving party requests expenses in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response." *Cardenas*, *supra* (citation omitted).

Plaintiff is directed to show cause, in writing, within **thirty (30) days** of the date of this Order, why the Court should not award Defendant the reasonable expenses and attorney's fees it incurred in bringing this Motion to Compel. Defendant shall have **seven (7) days** thereafter to file a response, if it so chooses. In the event the Court determines that expenses and fees should be awarded, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses that Defendant has incurred, and for the filing of any supporting briefs.

Failure of Plaintiff to comply with this Order may result in sanctions, including the potential dismissal of this case.

Accordingly, Defendant's Motion to Compel [Doc. No. 20] is **GRANTED** as set forth herein.

**IT IS SO ORDERED** this **7th** day of October, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE